DMB:JDL
F.#2006R00206

M 12- 026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    -against-

OLUSHEGUN ONIKOSI,
    also known as
    "Shawn,"
    "Shygon,"
    "Saigon," and
    "Dee,"

        Defendant.

- - - - - - - - - - - - - - - - X

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C. § 1349)

EASTERN DISTRICT OF NEW YORK, SS:

        CARRIE E. FISHER, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        Upon information and belief, in or about and between June 2005 and November 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant OLUSHEGUN ONIKOSI, also known as "Shawn," "Shygon," "Saigon," and "Dee," together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud a financial institution, to wit: Washington Mutual Bank, FA ("WMBFA"), and to obtain moneys, funds and credits owned by and under the custody and control of WMBFA by means of false and

fraudulent pretenses, representations and promises, to wit: by recruiting a bank teller at WMBFA to provide him with confidential customer account information, drawing and negotiating counterfeit checks against the compromised WMBFA accounts, and transferring funds by wire transfer from the compromised accounts, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349).

The source of your deponent's information and the grounds for her belief are as follows[1]:

1. I have been a special agent with the FBI for approximately seven years. I am familiar with the facts and circumstances described herein from my personal participation in this investigation, my review of information gathered by other law enforcement agents and civilian witnesses, my review of reports prepared by other law enforcement agents, and my review of banking records. Except as explicitly set forth below, I have not distinguished herein between facts of which I have personal knowledge and facts of which I have knowledge by hearsay.

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant, as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

## THE FRAUDULENT SCHEME

2. I am currently investigating a fraud scheme involving the use of confidential client information from account holders at WMBFA who are located throughout the United States. The investigation has revealed that a cooperating witness (the "CW"), who was formerly employed as a WMBFA bank teller at a branch in Brooklyn, New York, had used the bank's computer system to survey accounts and identify those with significant balances. Once the CW identified the accounts of interest, the CW obtained copies of account signature cards, Social Security Numbers, and other personal information.

3. The CW provided this personal information to the defendant OLUSHEGUN ONIKOSI, who, together with others, then drew and negotiated counterfeit checks or transferred funds by wire transfer from the victims' accounts. In several instances of the fraud, brokerage or mutual fund accounts were set up at E*Trade or Vanguard in the victims' names, to which funds were transferred from the compromised accounts. Once the transfers to E*Trade or Vanguard were completed, attempts were made to remove the funds from the brokerage or mutual fund accounts.

4. To date, investigators have discovered that at least 14 WMBFA accounts were compromised in this manner and that WMBFA has incurred losses in excess of $420,000. I estimate that attempted losses exceed $2,000,000.

THE DEFENDANT'S HANDWRITING

5. I have reviewed two sets of samples of the handwriting of the defendant OLUSHEGUN ONIKOSI. The first set of handwriting samples originate from an unrelated FBI investigation of the defendant. During that investigation, in the presence of an undercover FBI special agent, the defendant filled out information on three stolen JPMorgan Chase Bank checks. The second set of handwriting samples come from records subpoenaed from the defendant's personal bank account.

SELECTED VICTIMS' ACCOUNTS

6. Below I describe selected WMBFA accounts compromised in the fraudulent scheme. As noted above, because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not set forth every fact learned during the course of this investigation.

A. Victims #1, #2 and #3

*Counterfeit Check*

7. On or about July 25, 2005, a counterfeit check in the amount of $68,000, dated July 20, 2005, was presented for payment and paid with funds from the WMBFA joint account of VICTIM #1, VICTIM #2, and VICTIM #3. The counterfeit check was payable to "Mr. T's Paralegal Services" and was endorsed by a co-conspirator of the defendant ("CO-CONSPIRATOR #1"). I have

4

reviewed the handwriting on the counterfeit check, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI. In addition, a query of WMBFA's keystroke system reveals that, on or about August 23, 2005,[2] the CW accessed information for the account of VICTIM #1, VICTIM #2, and VICTIM #3.

B.  Victim #4

*Counterfeit Check*

8.  On or about August 3, 2005, a counterfeit check in the amount of $87,000, dated July 30, 2005, was presented for payment and paid with funds from the WMBFA account of VICTIM #4. The counterfeit check was payable to and endorsed by CO-CONSPIRATOR #1. I have reviewed the handwriting on the counterfeit check, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI. In addition, a query of WMBFA's keystroke system reveals that, on or about August 22, 2005, the CW accessed information for the account of VICTIM #4.

C.  Victim #5

*Counterfeit Check*

9.  On or about August 19, 2005, a counterfeit check in the amount of $78,000, dated August 14, 2005, from the WMBFA account of VICTIM #5, was presented for payment, but not accepted

---

[2]  The keystroke system electronically records instances of accessing an account by a WMBFA employee, but not all records are saved. Therefore, if preserved, a keystroke record shows that an employee has accessed an account, but does not necessarily show all instances of access, whether earlier or later.

5

by the bank at which it was presented. The counterfeit check was payable to "Mr. T's Paralegal Services" and was endorsed for deposit by CO-CONSPIRATOR #1. I have reviewed the handwriting on the counterfeit check, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI. When CO-CONSPIRATOR #1 attempted to cash the counterfeit check, he was arrested by local authorities. A United States Postal Service Express Mail envelope was seized from CO-CONSPIRATOR #1 at the time of his arrest. I have reviewed the handwriting on the mailing label of the Express Mail envelope, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI.

D. Victim #6

*Fraudulently Established E*Trade Account*

10. On or about August 30, 2005, an account was established at E*Trade in the name of VICTIM #6. Mailing address 73 Bodine Street, Staten Island, NY 10310 (the "Bodine Street Address") was provided as part of the account opening process. The defendant OLUSHEGUN ONIKOSI has previously been associated with the Bodine Street Address. Specifically, during a prior arrest, a cellular telephone was seized from ONIKOSI. The account for the seized cellular telephone was registered to the Bodine Street Address.

6

*Fraudulently Established Vanguard Account*

11. On or about September 30, 2005, an account was established at Vanguard in the name of VICTIM #6. Contact telephone number (718) 219-1693, e-mail address spaced73@yahoo.com, and the Bodine Street Address were provided as part of the account opening process. The defendant OLUSHEGUN ONIKOSI has previously been associated with telephone number (718) 219-1693. Specifically, during the prior arrest discussed above, a cellular telephone was seized from ONIKOSI. Telephone number (718) 219-1693 is listed as an alternate contact number for the cellular telephone account associated with the telephone seized from ONIKOSI. As discussed further below, e-mail address spaced73@yahoo.com was repeatedly used by ONIKOSI when establishing Vanguard accounts.

*Counterfeit Check*

12. On or about September 30, 2005, a counterfeit check in the amount of $480,000, dated September 26, 2005, from the WMBFA account of VICTIM #6, was deposited into the new Vanguard account, a deposit which was never authorized by VICTIM #6. I have viewed the handwriting on the counterfeit check, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI.

7

E.   <u>Victim #7</u>

   *Fraudulently Established Vanguard Account*

   13.   On or about September 21, 2005, an account was established at Vanguard in the name of VICTIM #7. The Bodine Street Address, telephone number (347) 282-0896, and e-mail address gaila2000@hotmail.com were provided as part of the account opening process. As discussed further below, this telephone number and e-mail address were repeatedly used by the defendant OLUSHEGUN ONIKOSI when establishing Vanguard and E*Trade accounts.

   12.   An application for check writing privileges was completed for the Vanguard account. I have reviewed the handwriting on the application for check writing privileges, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI.

   13.   On or about September 22, 2005, $10,000 was electronically transferred from the WMBFA account of VICTIM #7 into the new Vanguard account, a transfer which was never authorized by VICTIM #7. On or about and between September 27, 2005 and October 3, 2005, five separate unauthorized electronic transfers of $100,000 were sent from the WMBFA account of VICTIM #7 to the new Vanguard account. Beginning on or about October 4, 2005, checks in large denominations were written from the new Vanguard account in an apparent attempt to empty the account of its funds. One of these checks, a check for $202,000 written on

October 5, 2005, was deposited into an E*Trade account established in the name of VICTIM #7, which is discussed directly below. I have reviewed the handwriting on these checks, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI.

*Fraudulently Established E*Trade Account*

14. On or about September 21, 2005, an account was also established at E*Trade in the name of VICTIM #7. As with the Vanguard account, telephone number (347) 282-0896, e-mail address gaila2000@hotmail.com, and the Bodine Street Address were provided as part of the account opening process. On or about and between September 22, 2005 and October 5, 2005, unauthorized electronic transfers in the amounts of $10,000, $25,000, and $25,000 were sent from the WMBFA account of VICTIM #6 to the new E*Trade account.

F. <u>Victim #8</u>

*Fraudulently Established Vanguard Account*

15. On or about September 22, 2005, an account was established at Vanguard in the name of VICTIM #8. Telephone number (347) 282-0896 and the Bodine Street Address were provided as part of the account opening process.

*Counterfeit Check*

16. On or about September 26, 2005, a counterfeit check in the amount of $280,000, dated September 21, 2005, from the WMBFA account of VICTIM #8, was deposited into the new

9

Vanguard account, a deposit which was never authorized by VICTIM #8. I have viewed the handwriting on the counterfeit check, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI. In addition, a query of WMBFA's keystroke system reveals that on or about September 15, 2005, the CW accessed information for the account of VICTIM #8.

G. <u>Victim #9</u>

*Fraudulently Established Vanguard Account*

17. On or about September 29, 2005, an account was established at Vanguard in the name of VICTIM #9. Contact telephone number (347) 282-0896 and the Bodine Street Address were provided as part of the account opening process.

*Counterfeit Check*

18. On or about September 30, 2005, a counterfeit check in the amount of $180,000, dated September 28, 2005, from the WMBFA account of VICTIM #9 was deposited into the new Vanguard account, a deposit which was never authorized by VICTIM #9. I have viewed the handwriting on the counterfeit check, and it matches the handwriting of the defendant OLUSHEGUN ONIKOSI.

H. <u>Victim #10</u>

*Fraudulently Established E*Trade Account*

19. On or about October 2, 2005, an account was established at E*Trade in the name of VICTIM #10. Contact telephone number (347) 282-0896 and email address

10

gaila2000@hotmail.com were provided as part of the account opening process.

20. On or about and between November 9, 2005 and November 15, 2005, unauthorized electronic transfers in the amounts of $25,000, $22,000, $25,000, and $24,000 were sent from the WMBFA account of VICTIM #10 to the new E*Trade account.

I. Victims #11 and 12

*Fraudulently Established E*Trade Accounts*

21. On or about November 7, 2005, a joint account was established at E*Trade in the names of VICTIM #11 and VICTIM #12. Telephone number (718) 219-1693, e-mail address spaced73@yahoo.com, and the Bodine Street Address were provided as part of the account opening process. On or about November 9, 2005, an unauthorized electronic transfer in the amount of $10,000 was sent from the WMBFA account of VICTIM #11 to the new E*Trade account.

22. On or about November 10, 2005, an account was established at E*Trade in the name of VICTIM #11. The Bodine Street Address was provided as part of the account opening process. On or about and between November 15, 2005 and November 23, 2005, unauthorized electronic transfers in the amounts of $25,000 and $24,000 were sent from the WMBFA account of VICTIM #11 to the new E*Trade account.

11

23. A query of WMBFA's keystroke system reveals that, on or about September 15, 2005 and October 11, 2005, the CW accessed information for the account of VICTIM #11.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for defendant OLUSHEGUN ONIKOSI, also known as "Shawn," "Shygon," "Saigon," and "Dee," so that he may be dealt with according to law.

CARRIE E. FISHER,
Special Agent
Federal Bureau of Investigation

Sworn to before me this
11th day of January, 2012

JR.

12